IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL GUY KECKLER, | : | Civil Action No. 4:15-CV-2462 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | (Magistrate Judge Saporito) |
| | : | |
| Defendant. | : | |

**ORDER**

March 2, 2017

This matter is an action for social security benefits which have been denied by both the Acting Commissioner of Social Security and, before that, by an administrative law judge. Plaintiff filed the instant action on December 22, 2015, and it was assigned jointly to the undersigned and to a magistrate judge.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1] Once filed, this Report and Recommendation is

---

[1] 28 U.S.C. 636(b)(1)(B).

1

disseminated to the parties in the case who then have the opportunity to file written objections.[2] On January 17, 2017, Magistrate Judge Joseph F. Saporito, to whom this matter is jointly assigned, issued a thorough report and recommendation recommending that the undersigned affirm the decision of the Commissioner of Social Security denying Plaintiff social security benefits.

Plaintiff has not filed objections to the report and recommendation. When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4] For portions of the report and recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[5] Regardless of whether timely objections are

---

[2] 28 U.S.C. 636(b)(1).

[3] 28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5] Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[6]

Because I write solely for the parties, I will not restate the facts, but instead adopt the recitation of facts as set forth by the magistrate judge. I have conducted a de novo review and found no error.

Accordingly, **IT IS HEREBY ORDERED THAT** the report and recommendation of the magistrate judge is ADOPTED IN FULL. January 17, 2017, ECF No. 16. The decision of the Commissioner is AFFIRMED. The Clerk is directed to enter judgment in favor of the Commissioner and against the Plaintiff. The Clerk is further directed to close the case file.

BY THE COURT:

 s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[6] 28 U.S.C. § 636(b)(1); Local Rule 72.31.